**Ferdinand CRUZ–MENDEZ,
et ux., Plaintiffs,**

**v.**

**UNITED STATES of America,
Defendant.**

**Civil No. 10–1753 (FAB).**

United States District Court,
D. Puerto Rico.

July 29, 2011.

States retains sovereign immunity. (Docket No. 19 at 2–3.)

### B. Factual Allegations

According to plaintiffs' allegations, plaintiff Cruz–Mendez visited the emergency room at Castañer General Hospital on December 22, 2007 at around 10:20 a.m. to seek treatment for multiple bee stings in his right eye. (Docket No. 1 at 2.) When he arrived at the hospital, he was treated by a triage nurse and evaluated by an emergency room physician, Dr. Anibal Toledo–Velez, who is employed by the hospital. *Id.* Dr. Toledo interviewed and physically examined him and concluded that he was suffering from "mild or light hyperemia of the right eye conjunctiva and bee stings on different parts of the body, arms and legs." *Id.* at 3. Dr. Toledo prescribed Solumedrol 125 mg. IV, Benadryl 25 mg IV diluted in 50 ml D5W, and acetaminophen. *Id.* Dr. Toledo observed a foreign object in plaintiff Cruz–Mendez's right eye but opted not to remove it. *Id.* He was then discharged from the hospital with instructions to see his primary care doctor for further care. *Id.*

Upon visiting his primary care doctor, Dr. Edgardo Ortiz, on December 24, 2007, plaintiff Cruz–Mendez learned that he had an ulcer and an infection in his right eye and that the foreign body in his eye could not be removed until the infection was treated. *Id.* at 3–4. He continued to seek treatment from his primary care doctor until Dr. Ortiz referred him to Dr. Magda Torres–Gomez, a cornea specialist. Dr. Torres informed him that the infection in his right eye had caused him to develop keratitis bullosa, and that the only way to

Alfredo Acevedo–Cruz, Alfredo Acevedo–Cruz Law Office, Juana Diaz, PR, for Plaintiffs.

Lisa E. Bhatia–Gautier, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Defendant.

### MEMORANDUM AND ORDER[1]

BESOSA, District Judge.

## I. Background

### A. Procedural History

On August 4, 2010, Ferdinand Cruz–Mendez and his wife, Cruz Maria Cruz–Lopez ("plaintiffs"), filed a complaint against the United States of America ("The United States" or "defendant") alleging that the employees of Castañer General Hospital, a federally supported health center, violated the screening and stabilization provisions of the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd ("EMTALA"), and engaged in medical malpractice, giving rise to a claim under the Federal Tort Claims Act ("FTCA").

Following a status conference on April 14, 2010, the Court ordered the parties to submit briefs regarding the applicability of EMTALA to this case. Before the Court are the memoranda from the parties with respect to this issue. (Docket Nos. 18 and 19.) Plaintiffs argue that EMTALA applies. (Docket No. 18.) Defendant, on the other hand, disagrees, and argues that the FTCA is the exclusive cause of action available to plaintiffs because the United

---

1. Hannah L. Miller, a second-year student at University of Michigan Law School, assisted in the preparation of this Opinion and Order.

potentially regain his vision would be to undergo a cornea replacement. *Id.* at 4.

## II. Legal Analysis

 EMTALA is a statute specifically designed to ensure public access to emergency medical services. *Ramos–Cruz v. Centro Medico del Turabo,* 642 F.3d 17, 18 (1st Cir.2011). It is "not a federal malpractice statute". *Id.* at 18. The question before the court is whether or not EMTALA applies to this case.

 The United States of America, as sovereign, is generally immune from suit except as it consents to be sued. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Moreover, the terms of the United States' consent define the court's jurisdiction to entertain suits brought against it. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1982).

 Pursuant to the FTCA, the United States has consented to be sued for personal injury caused by the negligent or wrongful act or omission of a federal employee under circumstances where the United States, if a private person, would be liable to the plaintiff according to the law of the place where the act or omission occurred. 28 U.S.C. §§ 1346(b), 2401(b), 2671–80. Thus, the FTCA provides an avenue by which plaintiffs may seek relief for personal injury under Puerto Rico law.

 The United States has not consented, however, to be sued pursuant to EMTALA. 42 U.S.C. § 1395dd; *See also, e.g., Williams v. United States,* 242 F.3d 169 (4th Cir.2001). Because EMTALA contains no express waiver of sovereign immunity, plaintiffs cannot obtain relief from the United States or from the Castañer General Hospital, a federal health center, under EMTALA. *See* 42 U.S.C. § 1395dd; *Sherwood,* 312 U.S. at 586, 61 S.Ct. 767.

Plaintiffs' cause of action pursuant to EMTALA is, accordingly, **DISMISSED.**

**IT IS SO ORDERED.**